IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

TAMRA FOGGY,                          )
                                      )
              Plaintiff,              )        Case No. CV 07-104-C-EJL
                                      )
vs.                                   )        **ORDER, REPORT**
                                      )        **AND RECOMMENDATION**
UNITED STATES GOVERNMENT,             )
et al.,                               )
                                      )
              Defendants.             )
_____)

Currently pending before the Court are Plaintiff's Petition for Order to Proceed In Forma

Pauperis (Docket No. 2) and Motion to Appoint Counsel (Docket No. 6).  The District Court has

referred this action to the undersigned for all pretrial matters.  (Docket No. 8).  Accordingly,

having carefully reviewed the record, and otherwise being fully advised, the following Order,

Report and Recommendation is entered pursuant to 28 U.S.C. § 636(b).

## I.

## BACKGROUND

On February 13, 2007, Plaintiff Tamra Foggy ("Plaintiff") filed a Complaint (Docket No.

2) and Application for Leave to Proceed in Forma Pauperis (Docket No. 1).  The Complaint is on

a Prisoner Civil Rights Complaint form.  (Docket No. 2).  There is no jurisdictional assertion, *id.*

at 1-2, and the cause of action section refers to an attachment, *id.* at 2.  In addition, the

ORDER, REPORT AND RECOMMENDATION - 1

Supporting Facts include the following list: "Dept. of Justice," "U.S. Secret Service," "FBI," and "U.S. Government." *Id.* at 3. The Complaint indicates that previous lawsuits were filed and dismissed in "Oregon and Washington State" for lack of evidence. *Id.* at 5. As to specifically what Plaintiff seeks in filing this case, the Requested Relief section merely states "Ask the subpoenad [sic] family." *Id.* at 7.

Attached to her Complaint is a cluttered, 36-page typewritten Attachment with hastily added or scribbled portions in Plaintiff's handwriting. (Docket No. 2-3). The Attachment is a rambling, troubling, tragic and nonsensical account of Plaintiff's concerns and experiences with portions of the account underlined, circled or redacted. For example, the first page includes the following statement:

> U.S. GOVERNMENT TURNED ON ITS Satellite and began using Hollywood voices in my head and they told me to Kill my son and have sex with him and molest him. I was never accused by the U.S. Government of Sexually Kids until I went to Thailand in 2003 and 2004. One other Country I taught English in two schools accused me of sexually milesting [sic] kids and the U.S. Government defended me in the Usa [sic] after my vacation and I said I am innocent.

Attachment to Complaint, p.1 (Docket No. 2-3). Another example of the incoherent allegations includes the following statement, "Pictures enclosed show what the U.S. Government did to my face with the Satellite voices of Hollywood. Satellite Ca, caused /skin Droop not Muscle (face) and zaps are 1% of a Outlet if rubbing your feet on a rug and touching a outlet [sic]." *Id.* at 3. The Attachment also includes a page of photocopied photographs and identification cards. *Id.* at 32.

As a reviewing judicial officer, it seems to me that Plaintiff is experiencing severe mental or emotional problems allegedly caused by what she refers to as numerous physical and verbal

ORDER, REPORT AND RECOMMENDATION - 2

assaults by a number of different people, including police officers, in a variety of foreign and domestic locations.  Plaintiff recites dozens of sad incidents that she claims to have experienced, including the loss of a child of whom she attached a photograph.

## II.

## IN FORMA PAUPERIS REQUEST

### A.    Standards of Law

The Court may authorize the commencement of any civil suit without prepayment of fees or security by a person who submits an affidavit that includes a statement (1) of all assets he/she possesses, and (2) that the person is unable to pay such fees or give security.  28 U.S.C. § 1915(a)(1).  The required affidavit must state the nature of the action and the affiant's belief that he/she is entitled to redress.  *Id.*

### B.    Discussion

Plaintiff completed an Application for in Forma Pauperis Status declaring "under penalty of perjury" that the information contained therein "is true and correct."  (Docket No. 1).  The Application serves as an in forma pauperis motion and affidavit.  *Id.*

Plaintiff states that she is unemployed and receives income of only $895.00 per month for disability benefits.  *Id.*  Plaintiff further indicates that she has no money in checking or savings accounts and has no interest in any real estate, stocks, bonds, notes, automobiles or other valuable property.  *Id.*  Because Plaintiff has a limited income and no other assets, Plaintiff's motion for leave to proceed in forma pauperis is granted.

ORDER, REPORT AND RECOMMENDATION - 3

# III.

# REVIEW OF COMPLAINT

## A.     Standards of Law

The Court is required to screen complaints brought by litigants who have been granted

leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(e)(2). A complaint or portion thereof

should be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief

can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2). A complaint submitted in forma pauperis "is frivolous if it has no

arguable basis in fact or law." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (internal

quotation marks and citation omitted).

In conducting this review, Plaintiff's pro se pleadings must be liberally construed and he

or she must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.

2000) ("Under § 1915A, when determining whether a complaint states a claim, a court must

accept as true all allegations of material fact and must construe those facts in the light most

favorable to the plaintiff."). Additionally, if the Complaint can be saved by amendment, Plaintiff

should be notified of the Complaint's deficiencies and provided an opportunity to amend. *See*

*Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (explaining that "dismissal without leave to

amend is improper unless it is clear that the complaint could not be saved by any amendment");

*Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002).

**B.**     **Discussion**

This case is suitable for dismissal pursuant to 28 U.S.C. § 1915(e)(2) on the basis that it

is clearly frivolous. A frivolous complaint is defined as one in which the facts alleged are

"clearly baseless," that is, "fanciful," "fantastic," or "delusional." *See Denton v. Hernandez*, 504

U.S. 25, 32-33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged

rise to the level of the irrational or the wholly incredible." *Id.* A review of the record makes it

clear that all of these definitions are present to some extent in this case.

Plaintiff's Complaint is wholly inadequate in setting forth any logical basis for

jurisdiction or to allege any legal or meritorious claims. Moreover, the allegations contained in

her Affidavit are both fanciful and incoherent. Therefore, it is recommended that the District

Court dismiss the case.

**IV.**

**REQUEST FOR COUNSEL**

The Court has discretionary authority pursuant to 28 U.S.C. § 1915(d) to appoint counsel

for an indigent person to commence, prosecute or defend a civil action. "Motions for the

appointment of counsel under § 1915(d) are addressed to the sound discretion of the court and

are granted only in exceptional circumstances." *U.S. v. McQuade*, 579 F.2d 1180, 1181 (9th Cir.

1978). In determining whether exceptional circumstances exist, the Court must consider: (1) the

likelihood of success on the merits and (2) the ability of the Plaintiff to articulate the claims *pro*

*se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017

(9th Cir. 1991).

In this case, the Plaintiff is not equipped to articulate the claims *pro se*. At the same time, appointing an attorney will not assist her cause in light of the nonsensical, delusional and irrational allegations contained in the Attachment to the Complaint. In sum, there is no rational foundation on which to build a legal theory and, therefore, Plaintiff's Motion to Appoint Counsel is denied.

## V.

## CONCLUSION

Although Plaintiff's Complaint has been liberally construed and the Attachment filed therewith thoughtfully reviewed, the Complaint must be dismissed. The allegations are incoherent and provide no logical basis for a legal theory or claim for relief of any kind. In my well-formed view, it would not be productive to allow Plaintiff an opportunity to file an amended pleading because more of what was contained in the lengthy Attachment would likely be filed.

## VI.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1.  Plaintiff's Petition for Order to Proceed In Forma Pauperis (Docket No. 1) is GRANTED.

2.  Plaintiff's Motion to Appoint Counsel (Docket No. 6) is DENIED.

ORDER, REPORT AND RECOMMENDATION - 6

## VII.

## RECOMMENDATION

Based on the foregoing, it is recommended that the District Court dismiss Plaintiff's Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636 and District of Idaho Local Civil Rule 72.1.  If written objections are not filed within the specified time, the right to raise factual and/or legal objections in the Ninth Circuit Court of Appeals may be waived.



DATED:  **May 16, 2007**.

Honorable Larry M. Boyle
U. S. Magistrate Judge

ORDER, REPORT AND RECOMMENDATION - 7